Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5883 | **DATE** | 9/18/2000 |
| **CASE TITLE** | USA, ex rel. Robert W. Nelson vs. Richard B. Gramley, Warden, Hill Correctional Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's Habeas Petition [1] is denied. This action is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | 00 SEP 19 AM 7: 50 | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Robert W. Nelson,<br>　　　　Petitioner,<br>　v.<br>Richard B. Gramley, Warden, Hill Correctional Center,<br>　　　　Respondent. | No. 98 C 5883<br><br>Judge Joan B. Gottschall |

DOCKETED
SEP 1 9 2000

## MEMORANDUM OPINION AND ORDER

State prisoner Robert W. Nelson has filed a petition for a writ of habeas corpus, alleging two grounds on which his conviction and sentence for murder solicitation are constitutionally infirm. Because the court finds that both grounds are procedurally defaulted, Nelson's petition is denied.

## Background

On May 16, 1995, Nelson entered a plea of guilty but mentally ill on one count of solicitation of murder for hire in the Circuit Court of Grundy County. Nelson had sought to have an undercover Illinois State Trooper murder Chrisann McCormick. The court sentenced him to a prison term of 22 years.

Nelson subsequently filed a motion to withdraw his guilty plea, arguing that the medication he was taking at the time prevented him from knowingly entering the plea. He alleged that his counsel was ineffective under the Sixth Amendment because he failed to secure available witnesses in Nelson's defense and coerced Nelson into accepting the plea agreement. Nelson also argued that being placed on phone restriction violated his First and Fourteenth

12

Amendment rights, that the judge was biased against him, and that the judge allowed sidebars off the record outside of Nelson's presence. The trial court appointed new counsel for Nelson and conducted an evidentiary hearing on the motion to withdraw, at which time Nelson sought to amend his motion to add an allegation that his previous counsel had misinformed him about the time he would serve under the plea agreement. According to Nelson, his counsel told him that he likely would serve eight or nine years of the 22-year sentence, but in reality, even with good conduct credit, the minimum amount of time Nelson could serve was ten and one-half years. The trial court denied Nelson's motion to amend, and later denied his motion to withdraw.

Nelson appealed to the Illinois Appellate Court, arguing that the trial court abused its discretion in denying the motion to amend because, if the new allegation had been proven, Nelson would have been entitled to withdraw his guilty plea. The appellate court affirmed the trial court, ruling that Nelson's new allegation did not present a basis for the withdrawal of his plea. Observing that, under Illinois law, "a defendant is not entitled to withdraw a plea if his misapprehension concerns a circumstance that is collateral to the plea," the court found that the misinformation regarding good conduct credit under Nelson's sentence was a collateral circumstance. (Resp.'s Exh. B at 3)

Nelson sought leave to appeal to the Illinois Supreme Court, arguing that his counsel's misrepresentation regarding good conduct credit was a proper basis for the withdrawal of his plea. The Supreme Court denied Nelson's petition for leave to appeal on February 4, 1998.

Through this habeas petition, Nelson raises two claims. First, he argues that his due process rights were violated by the trial court's denial of his motion to amend his motion to withdraw his guilty plea. Nelson contends that he should have been allowed to add an allegation that his counsel gave him erroneous advice concerning the number of years he would actually

2

serve under his sentence because if that allegation had been proven, he would have been entitled to withdraw the plea. Second, Nelson argues that his due process rights were violated where the court did not hold a fitness hearing prior to entering his plea of guilty but mentally ill.

## Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1218 (1996), applies to all habeas petitions filed after the Act's effective date – April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under 28 U.S.C. § 2254, as amended by the AEDPA, the court may not grant Nelson's habeas petition unless he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This rule "reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Id.* at 845 (internal brackets omitted).

To meet this "exhaustion" requirement, Nelson "must have raised all of his claims during the course of the state proceedings, presenting each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999) (citing *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992)). Fair presentment requires Nelson "to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* For a constitutional claim to be fairly presented, "both the operative facts and the 'controlling legal principles' must be submitted" for the court's review. *Id.* If a state court refused to hear a federal claim because it was not properly presented, and the refusal was based on adequate and

independent state grounds, then this court is barred from reviewing the claim. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir.), *modified*, 79 F.3d 578 (7th Cir. 1996).

Nelson's first claim is procedurally defaulted because he did not give the state courts a fair opportunity to remedy the constitutional violations alleged in his habeas petition. To give the state courts a fair opportunity to address the constitutional aspects, a petitioner's arguments raising the claim in state court must: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation. *Verdin*, 972 F.2d at 1473-74. "However, the presence of any one of these factors, particularly factors (1) or (2), does not automatically avoid a waiver; the court must consider the specific facts of each case." *Id.* at 1474.

In arguing that the trial court abused its discretion in denying his motion to amend, Nelson relied almost exclusively on state law. His only reference to federal law before the Illinois Appellate Court was through his citation of a single federal case, *Tower v. Phillips*, 979 F.2d 807, 815 (11th Cir. 1992), *withdrawn and superseded on rehearing*, 7 F.3d 206 (11th Cir. 1993), for the proposition that a plea induced by misrepresentations of counsel is ineffective. The facts alleged in his petition – that his counsel misinformed him as to the availability of good conduct credit – do not constitute a pattern of facts within the mainstream of constitutional litigation. Nowhere did Nelson mention "due process" or any other catch-phrase of constitutional litigation. The substance of Nelson's appeal – arguing that Nelson should have been allowed to amend his motion to withdraw – focused on Illinois Supreme Court Rule 604(d) and the trial court's abuse of discretion. Under these circumstances, the court finds that Nelson's

4

single passing reference to a federal case was insufficient to alert the Illinois Appellate Court to the constitutional components of his claim. Accordingly, it is procedurally defaulted.

Nelson's second claim – that his due process rights were violated because the court did not hold a fitness hearing prior to his guilty plea – was not raised at all in the state courts. The closest Nelson came was the argument in his motion to withdraw the guilty plea that his use of medication prevented him from knowingly entering the plea. Even assuming that this allegation encompasses his due process claim based on the lack of a fitness hearing, Nelson never raised the claim on direct appeal or in a post-conviction petition. Accordingly, this court is barred from addressing it on habeas review. *See Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995) ("A petitioner is barred, with prejudice, from raising a claim that could have been but was not presented to the state court and at the time of the federal court habeas review can no longer be presented to the state court.").

Given that both of Nelson's claims are procedurally defaulted, this court may not review them unless his habeas petition "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." *Rodriguez*, 193 F.3d at 917 (citing *Wainwright v. Sykes*, 433 U.S. 72, 91 (1977)). Absent this showing, "a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). This requires Nelson "to show that it is more likely than not that no reasonable juror would have convicted him." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Buelow v. Dickey*, 847 F.2d 420, 427 (7th Cir. 1988) (holding that court "may set aside the cause-and-prejudice test and permit a habeas petition if, due to a fundamentally unjust trial, an innocent defendant was

5

convicted"), *cert. denied*, 489 U.S. 1032 (1989).

In his habeas petition, Nelson does not allege cause for his claims' default. In his reply to the state's answer, he makes conclusory references to "his attorney's failure to present his [first] claim in a constitutional context" (Reply at 2), and his "trial and appellate counsel's failure to present this [second] claim in either Court." (Reply at 3)

Attorney error is not cause for a procedural default unless the error constitutes ineffective assistance of counsel. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *see also McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) ("In order for an appellate attorney's alleged ineffectiveness to qualify as cause to justify procedural default, the defendant must show the appellate attorney's performance was deficient and the performance prejudiced him in the proceeding.") (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "Before a state prisoner can use ineffective assistance of counsel as cause for a procedural default, he must first present this claim as an independent claim to the state courts either on direct appeal or in post-conviction proceedings." *Lemons*, 54 F.3d at 360. Nelson did not allege in state court that his appellate counsel – who chose to present his argument regarding the denial of his motion to amend as a question of state law – provided him with ineffective assistance. Accordingly, Nelson cannot rely on his counsel's ineffective assistance as cause for his procedural default.

As for the "fundamental miscarriage of justice" exception, Nelson's defaulted claims, even assuming them to be true, do not suggest that an innocent defendant was convicted. Whether Nelson was misinformed as to the actual time he would serve under the plea agreement does not bear on his innocence. Similarly, Nelson's entitlement to a fitness hearing, while it may bear on whether his plea was knowing and voluntary, does not suggest that he was actually innocent of the crime. *See Boyer v. United States*, 55 F.3d 296, 300 (7th Cir.) (observing that

6

"claims of legal innocence rather than claims of actual innocence have no relevance in the miscarriage of justice context"), *cert. denied*, 516 U.S. 904 (1995). Indeed, Nelson does not even contend that he is innocent of the crime.

## Conclusion

Because his claims are procedurally defaulted, Nelson's petition for a writ of habeas corpus is denied, and this action is dismissed.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 18, 2000